```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

LISA ANDERSON,

                    Plaintiff,
                                              ORDER
         - against -
                                              CV 2005-4422 (ERK)(MDG)
CITY OF NEW YORK, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - -X
```

By letter dated April 12, 2006 (ct doc. 13), defendants move to compel releases for plaintiff's medical records. As discussed on the record at a hearing on April 27, 2006, this Court finds that plaintiff has placed her mental condition at issue in this litigation and consequently has waived her right to prevent the disclosure of her mental health records. See Manessis v. New York City Dep't of Transp., No. 02 CIV. 359, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002). Although plaintiff has withdrawn her claim for emotional damages, plaintiff can nonetheless provide evidence of her emotional distress through her testimony regarding her claims for damages for loss of liberty and for humiliation resulting from a strip search. Thus, she has opened the door to discovery regarding her mental and emotional state. See Cuoco v. U.S. Bureau of Prisons, 98 Civ. 9009, 2003 WL 1618530, at *3 (S.D.N.Y. March 27, 2003) (permitting discovery to ascertain whether plaintiff's distress was caused by other

circumstances because plaintiff can testify about her emotional injuries without a psychotherapist); <u>Montgomery v. New York State Office of Mental Health</u>, No. 00 Civ. 4189, 2002 WL 500357, at *2 (S.D.N.Y. April 3, 2002) (noting that even if plaintiff did not seek damages for emotional distress, "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration").

Further, although the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), 42 U.S.C. §§ 1320 <u>et</u> <u>seq.</u>, and the regulations promulgated thereunder require health care providers to protect the confidentiality of patient records, the regulations expressly provide that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order..." 45 C.F.R. § 164.512(e)(1). Thus, this Court may order disclosure of such records. <u>See</u> <u>National Abortion Federation v. Ashcroft</u>, No. 03 Civ. 87695 (RCC), 2004 WL 555701, at *2-*3 (S.D.N.Y. March 19, 2004) (discussing statutory and regulatory framework); <u>Bayne v. Provost</u>, 359 F. Supp. 2d 234, 237 (N.D.N.Y. 2005) (discussing 45 C.F.R. § 164.512).

CONCLUSION

Defendants' motion to compel the production of plaintiff's psychiatric, psychological, counseling and mental health records, in addition to social security disability and Medicaid/Medicare records, is granted. Plaintiff, all mental health care providers, and holders of the aforesaid records for the period from January 1, 2000 to the present must promptly provide to defendant all records concerning plaintiff for that time period.

**SO ORDERED.**

Dated:      Brooklyn, New York
              April 28, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE